Dear Judge Burgess:
Your opinion request asked if the funds for the proposed repair of a building, which building is to be used for offices, storage, and for an additional courtroom for civil and criminal non-jury trials, may be derived from the DeSoto Parish Probation Fund or the Criminal Court Fund. The applicable statutes are as follows:
The Probation Fund — LSA C.Cr.P. Art. 894, 895.
The Criminal Court Fund — LSA R.S. 15:571.11.
Initially we state and note that LSA C.Cr.P. Art. 894, 895
deal with probation in misdemeanor and felony probation matters and funds collected under those statutes can not be used to defray the construction costs mentioned in your request.
Our analysis of the Criminal Court Fund is as follows, that statute LSA R.S. 15:571.11 entitled Disposition of fines and forfeitures states in pertinent part:
§ 571.11. Dispositions of fines and forfeitures
 A.(1)(a) All fines and forfeitures imposed by district courts and district attorneys conviction fees in criminal cases and prosecutions for violations of state law or parish ordinances, upon collection by the sheriff or executive officer of the court, shall be paid into the treasury of the parish in which the court is situated and deposited in a special "Criminal Court Fund" account, which, on motion by the district attorney and approval order of the district judge, may be used or paid out in defraying the expenses of the criminal courts of the parish as provided in R.S. 13:1587 and R.S. 16:6, in defraying the expenses of those courts in recording, and transcribing of testimony, statements, charges and other proceedings in the trial of indigent persons charged with the commission of felonies, in defraying their expenses in the preparation of records in appeals in such cases, for all expenses and fees of the petit jury and grand jury, for witness fees, for attendance fees of the sheriff and clerk of court, for costs and expenses of a parish law library, for expenses and fees of attorneys appointed to represent indigent persons under any public defender program, and for other expenses related to the judges of the criminal courts and the office of the district attorney. In the Second Judicial District, the criminal court fund shall be used to defray the expenses of the criminal court system.
The specifically stated purposes for which these funds may be used do not include capital expenditures for construction or renovation of court buildings. The remainder of this lengthy statute also fails to authorize capital expenditures for courtrooms.
In sum, we find no authorization in either of these statutes for the expenditure of funds for capital construction and or renovation: Those funds must be sought elsewhere.
Trusting the above is helpful to your inquiry, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES M. ROSS Assistant Attorney General
RPI/JMR:vrr